Mr. Justice Clayton
delivered the opinion of the court.
This bill was filed to coerce the payment of a balance alleged to be due for the purchase of a tract of land in Panola county, in virtue of the vendor’s lien. The decree is resisted, first upon the ground that nothing is due on account of the purchase, and next because the law is against the complainant.
Three notes of the purchaser are made exhibits to the bill, and there is one witness to the acknowledgment of the vendee, who is now deceased, that these notes were given for land in Mississippi, and, as witness thinks, in the county of Panola. This sufficiently sustains the allegation of the bill, against the widow and heir at law, who are the defendants. There is no evidence of any other purchase of land in this state, by Glass-cock, in his lifetime, of Horton, and as none other is shown, the inference is fair, that the notes were given for this purchase. Neither is there any sufficient evidence of the alleged payment.
In regard to the law of the case. A deed was executed to the land, and no other security was taken for the purchase money. Hence.the vendor’s lien arose. Mrs. Glasscock, in her answer, relies upon the defence that Horton had no title to the premises, *87 and that her late husband, for that reason, abandoned the contract. She also alleges full payment of the purchase money by her husband, and in argument, though not in her answer, it is assumed as a ground of defence, that since the death of her husband, she purchased the land at a sale made under a deed of trust executed by him. These several grounds of defence do not well harmonize. It is a singular course to make full payment of a contract, at the same time that it is abandoned, and not less singular to insist that the original vendor had no title, and therefore no right to recover the purchase money, and at the same time to set up a derivative title, resting upon no foundation but that of the same original vendor.
If Glasscock abandoned the contract, and repudiated the title of Horton, then a derivative title from Glasscock is of no value, as no pretence of title from any other source is shown. He could transmit no more than he had, and if he had no right, his subvendee has none.
But it is not competent to a vendee to resist the payment of the purchase money in this manner. If the title of the vendor be defective, to make it a defence, the party must at law show a judgment and eviction, or in equity he must in the bill set forth and show the specific defects. Heath v. Newman, 11 S. & M. 201; Harris v. Bolton, 7 How. 167. In this case, neither of these has been done. The alleged objection to the title is, that before the sale by Horton, a mortgage had been executed upon the land, or a part of it, to the Union Bank, but it is not said by whom. Robinson denies all knowledge of it, but offers to indemnify against it if necessary. A mortgage executed by some one, having no authority, would form no objection to the title.
There is still less pretence that the defendant, Ann M. Glass-cock, is a purchaser for valuable consideration, in good faith and without notice. There is no evidence of the amount which she bid at the sale, or that she ever paid any thing upon the bid. The mortgagee is not a party, and his rights, if he have any, will not be affected by this decree.
The decree of the court below is affirmed.